```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF MICHIGAN
                  SOUTHERN DIVISION
```

**NANCY JANE GILBERT,**

      Plaintiff,              CIVIL ACTION NO. 10-11331

  v.

                              DISTRICT JUDGE ROBERT H. CLELAND

                              MAGISTRATE JUDGE MONA K. MAJZOUB

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

                                  \*   \*   \*

Plaintiff filed an application for Social Security disability income benefits on December 6, 2006, alleging that she had been disabled and unable to work since August 10, 2006, at age 47, due to bilateral shoulder and hand pain. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on July 9, 2009, before Administrative Law Judge (ALJ) Ayrie Moore. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a limited range of light work. The Law Judge restricted claimant from jobs that exposed her to vibrations, overhead

lifting, reaching above shoulder level or any kind of pushing/pulling.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

      Claimant was 50 years old at the time of the administrative hearing (TR 28). She had been graduated from high school, and had been employed as an automobile assembler during the relevant past (TR 30). As a automobile assembler for Pontiac Truck and Bus, Plaintiff stood for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift about 30 pounds on a regular basis (TR 58). Claimant stopped working in August 2006, due to severe pain affecting her shoulders and hands (TR 30-31).  Despite undergoing hand and shoulder surgeries (TR 149,152, 162, 263-264), Plaintiff testified that she was unable to grip, hold the phone, use a zipper, write a note or pick up coins (TR 37-38).  Plaintiff estimated that she could sit for 15 minutes, stand 15 minutes, walk about two city blocks and lift about 10 pounds (TR 29, 36).  She was able to perform some household chores, go grocery shopping, and do some weeding in her garden (TR 40).

A Vocational Expert (VE), Thomas Gusloff, classified Plaintiff's past work as medium, unskilled activity (TR 44). The witness explained that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 47). If she were capable of light work, however, there were numerous unskilled school bus monitor, tanning attendant, usher, and recreation worker jobs that she could still perform with minimal vocational adjustment (TR 45). These jobs did not involve pushing or pulling. There would be no exposure to vibrating tools, overhead lifting or reaching above shoulder level (TR 45-46). The VE added that the claimant could perform these jobs even if she could not lift more than 15 pounds with her non-dominant arm (TR 46-47).

---

[1]The witness opined that Plaintiff's alleged need to be in a reclined position for extended periods to help reliever her shoulder and hand pain would preclude work activity (TR 47).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of bilateral rotator cuff syndrome, bilateral carpal tunnel syndrome and osteoarthritis of the thumbs, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring frequent pushing and pulling, overhead lifting or reaching above shoulder level. The Law Judge also restricted claimant from jobs that would expose her to vibrating tools. Nevertheless, he found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide

questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity.  She also argues that the ALJ improperly discounted the disability opinion from her treating doctor. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. The medical evidence, as a whole, failed to provide objective support

for Plaintiff's allegations of severe and totally disabling functional limitations stemming from her joint pain.

The medical record disclosed that Plaintiff enjoyed good results from her bilateral shoulder and wrist surgeries. Following median nerve decompression operations in June and July 2005 (TR 149, 152), Dr. Paul Croissant reported that claimant had only occasional pain in her palms and was doing well (TR 238). By April 2006, Plaintiff was reportedly doing "excellent", and that her hand numbness and tingling were "pretty much" gone (TR 157). There is no evidence that the claimant received treatment from a specialist for her carpal tunnel syndrome after her alleged onset date of disability.

Similarly, Plaintiff had reduced pain and greater bilateral shoulder mobility after surgery and physical therapy (TR 279). Plaintiff told her surgeon two months after the last operation that her symptoms had improved with the help of physical therapy (TR 247). Pain was well controlled medication (TR 248). The treating surgeon believed that claimant was notably better than before the surgery (TR 247). Dr. George Tumaneng, claimant's primary care physician, authorized her to return to work in November 2006, with limited reaching and no lifting above shoulder level (TR 371). The fact that Plaintiff did not seek additional treatment from specialists for her shoulders after December 2006, suggests that the condition had improved and she was no longer experiencing severe joint pain.

The ALJ properly discounted Plaintiff's claims of debilitating shoulder and hand symptoms because they conflicted with her reported activities. Claimant testified in July 2009, that she was able to perform some house chores and work in her garden (TR 40). Although she testified that she could perform these activities with breaks and help from family members, the ALJ reasonably concluded that they conflicted with her alleged inability to do anything with her hands and arms.

There was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ also took into consideration claimant's objectively proven functional limitations by restricting her to simple, routine jobs that limited pushing/pulling, handling and fingering. The Law Judge also restricted claimant from jobs that would expose her to vibrating tools, overhead lifting or reaching above shoulder level (TR 16).

Plaintiff relies heavily upon the fact that Dr. George Tumaneng stated in December 2006, that she was unable to undertake gainful employment of any kind (TR 365-366). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. <u>Allen v. Califano</u>, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. <u>Harris v. Heckler</u>, 756

F.2d 431, 435 (6th Cir. 1985). Since Dr. Tumaneng offered little objective evidence during the relevant period to support his December 2006, statement of disability[2], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir.

---

[2] The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so (TR 21). The ALJ expressed concern about the lack of medical documentation to support the opinion. The doctor's disability opinion in December 2006, contradicted his own statement made just a month earlier that Plaintiff could return to work with limited reaching and no overhead lifting (TR 371). This suggested to the ALJ that the disability statement was prepared for the sole purpose of helping the claimant qualify for benefits. Indeed, it appears the doctor's opinion was primarily based on Plaintiff's subjective complaints, rather than the objective medical evidence.

1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[3], the Vocational Expert testified that there were numerous unskilled school bus monitor, tanning attendant, usher, and recreation worker jobs that she could still perform with minimal vocational adjustment (TR 45). These jobs did not involve pushing or pulling. There would be no exposure to vibrating tools, or any overhead lifting or reaching above shoulder level (TR 45-46). The VE added that the claimant could perform these jobs even if she could not lift more than 15 pounds with her non-dominant arm (TR 46-47). Given the objective clinical findings of the examining physicians

---

[3]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to jobs that did not involve pushing/pulling, the use of vibrating tools or doing any overhead lifting (TR 16). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 2, 201     s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 2, 2011     s/ Lisa C. Bartlett
                                 Case Manager